Document Number 005
Case Number 07-C-0495-C
United States District Court
Western District of Wisconsin
Theresa M. Owens
Filed/Received
10/11/2007 01:22:08 PM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENNIS THOMAS LYONS,

                                         ORDER

                  Petitioner,

                                     07-C-495-C

     v.

WARDEN RICARDO MARTINEZ,
Federal Correctional Institution,
Oxford, Wisconsin,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Dennis Thomas Lyons has filed a pleading in this court seeking habeas corpus relief under 28 U.S.C. § 2241. He is an inmate at the Federal Correctional Institution in Oxford, Wisconsin, serving a sentence imposed by the District Court for the Southern District of Iowa.[1] In his petition, petitioner contends that he is in custody in violation of the laws and Constitution of the United States, although the basis for this claim is difficult to discern. His petition is a one-sentence document that refers the court to his

---

[1]Petitioner did not disclose in his petition where he was convicted and sentenced. However, a review of the court's PACER system reveals that he has only one federal conviction and that conviction was obtained in the District Court for the Southern District of Iowa.

1

brief in support of the petition. The brief appears to be a form document containing discussions of case law that has little to no relevance to petitioner's particular circumstances. There are only two conclusory assertions in the petition that provide any clue to the nature of petitioner's claims. They are the following:

> Where in fact petitioner Dennis Lyons has been charged with "Title 18, United States Code, Section § 2," and in charging petitioner with § 2, and failing to include the "essential elements," of that charge renders the Grand Jury Indictment "defective."
>
> Petitioner Dennis Thomas Lyons, did in fact enter into a guilty plea at the direction of his court appointed counsel on the 16th day of August 2005, which must be void due to its serious constitutional violation of petitioner's rights 5th and 6th amendments.

Although these statements are difficult to understand, they do make it clear that petitioner is challenging the validity of his conviction and sentence. Because he is challenging the validity of his conviction and sentence in another court, his present petition must be dismissed at the outset for lack of jurisdiction.

As noted above, petitioner has presented his claims in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, but he has given no reason why his pleading should not be construed as a motion brought under 28 U.S.C. § 2255. It is not simply a matter of preference: § 2255 is the only avenue available to him for attacking his federal conviction and sentence. See Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must

2

proceed under 28 U.S.C. § 2255.").

Because petitioner is challenging the validity of his conviction in the Iowa district court, his claims must be presented in a § 2255 motion directed to the court that imposed his sentence. There is a narrow safety valve that permits federal sentences to be attacked collaterally under § 2241 when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998). However, petitioner submits nothing in his petition or supporting papers suggesting that his challenge fits within the exception. His failure to file a timely § 2255 motion in the court that imposed his sentence does not give him the right to proceed under § 2241 in this court. Morales v. Bezy, ___ F.3d ___, 2007 WL 2406860 (7th Cir. Aug. 24, 2007). Section 2255 is not considered an inadequate or ineffective vehicle for challenging the legality of a prisoner's detention just because a motion under that statute might fail because it has been filed beyond the one-year deadline established in 28 U.S.C. § 2244(d)(1)(A).

ORDER

IT IS ORDERED that Dennis Thomas Lyons's petition for a writ of habeas corpus

3

brought pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

Entered this 11th day of October, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge